UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILSON BRANSON,<br><br>   Petitioner,<br><br>   v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>   Respondent. | Case No.: 1:15-cv-00184-JLT<br><br>ORDER REQUIRING PETITIONER TO AMEND PETITION TO NAME PROPER RESPONDENT<br><br>30-DAY DEADLINE |

Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant petition on February 2, 2015.  (Doc. 1).

**PROCEDURAL HISTORY**

A.  <u>Procedural Grounds for Summary Dismissal.</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such

1  leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

2        B.  Failure to Name A Proper Respondent.

3        A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer
4  having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254
5  Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme
6  Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated
7  petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has
8  "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.
9  1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the
10 chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21
11 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or
12 parole officer and the official in charge of the parole or probation agency or state correctional agency.
13 Id.

14       Here, Petitioner has named as Respondent "the People of the State of California."   However,
15 "the People of the State of California" is not the warden or chief officer of the institution where
16 Petitioner is confined and, thus, does not have day-to-day control over Petitioner.  Petitioner is
17 presently confined at the California Institution for Men, Chino, California.  The current director or
18 warden of that facility is Tim Perez.  This is the person Petitioner should name as Respondent.

19       Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for
20 lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326
21 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).
22 **However, the Court will give Petitioner the opportunity to cure this defect by amending the**
23 **petition to name a proper respondent, such as the warden of his facility**.  See West v. Louisiana,
24 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975)
25 (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
26 Washington, 394 F.2d 125 (9th Cir. 1968) (same).

27       **In the interests of judicial economy, Petitioner *need not* file an amended petition.  Instead,**
28 **Petitioner can satisfy this deficiency in his petition by filing a motion entitled "Motion to Amend**

Case 1:15-cv-00184-AWI-JLT   Document 4   Filed 02/17/15   Page 3 of 3

the Petition to Name a Proper Respondent" wherein Petitioner may request the the name of the proper respondent in this action, Tim Perez, be substituted for "the People of the State of California."

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED 30 days from the date of service of this Order to SUBMIT a Motion to Amend the Petition to Name a Proper Respondent.

**Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110**.

IT IS SO ORDERED.

Dated:   **February 17, 2015**              **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE

3